**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **OTONIEL RATZON GREGORIO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1359-R** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Otoniel Ratzon Gregorio, a noncitizen,[1] proceeding *pro se*, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his detention by U.S. Immigration and Customs Enforcement (ICE). (ECF No. 1). United States District Judge David L. Russell referred this matter to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Respondents filed a response and Petitioner filed a reply. (ECF Nos. 7 & 8).

For the reasons set forth below, the undersigned recommends that the Court grant the Petition, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven business days or otherwise to release him if there is no hearing within that time.

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I. BACKGROUND

Petitioner entered the United States over twenty years ago and has lived in this country since that time. (ECF No. 8:5). Petitioner indicates that at some point, he was processed through immigration proceedings and released on an Order of Supervision (OOS). *See* ECF No. 8:3-4. On May 20, 2026, Petitioner stated that he made a legal turn into a gas station utilizing his turn signal, but a police car pulled in behind him and an officer informed Petitioner that he had not used his turn signal and then asked for Petitioner's identification. (ECF No. 1:7). Petitioner was then arrested and subsequently taken into ICE custody. (ECF No. 1:7). Petitioner states that his OOS was revoked without any change in material circumstances and that he was arrested without a judicial warrant. (ECF Nos. 1 & 8). Petitioner filed a habeas petition while detained in the Cimmaron Correctional Facility and as of July 10, 2026, Petitioner was detained there. *See* ECF Nos. 1-1 & 8-1. Presumably Petitioner is still detained there, as Respondents have not informed the Court that he has been transferred, as they are required to do. *See* ECF No. 5.

## II. PETITIONER'S CLAIMS

Petitioner asserts three grounds for relief:

- **Ground I: Violation of the Fifth Amendment**. Petitioner alleges the revocation of his OOS without notice violates the Fifth Amendment.

- **Ground II: Violation of the Immigration and Nationality Act (INA)**. Petitioner alleges that his warrantless arrest violates the INA.

- **Ground III: Violation of the INA.** Petitioner alleges his detention without the opportunity for a bond hearing violates the INA.

(ECF No. 1:7).

Petitioner asks the Court to immediately release him, or, in the alternative, order Respondents to provide him with an individualized bond hearing. (ECF No. 1:8).

## III. STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. SECTION 1226(a) APPLIES TO PETITIONER'S DETENTION

As stated, in Ground Three, Petitioner alleges his detention without the opportunity for a bond hearing violates the INA. *See supra*. Petitioner is correct.

Under the INA, detention of aliens who are "applicants for admission"[2] and "seeking admission" is mandatory under 8 U.S.C. § 1225(b)(2)(A). By contrast, § 1226(a) provides for the arrest of aliens on a warrant and grants ICE the discretion to continue

[2] 8 U.S.C. § 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." The statute defines "admission" and "admitted" as "the lawful entry of the alien into the United States after inspection and authorization by an immigration officer." *Id.* § 1101(a)(13).

detention of the alien or to release the alien on bond.[3] On June 30, 2026, the Tenth Circuit decided *Santillan Quiroz v. Mullin*, --- F.4th ---, 2026 WL 1876709. The court held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at *5. The court reasoned based on the statutory text and context that:

> once a noncitizen has entered unlawfully, no amount of legal maneuvering allows him to go back in time and make his initial entry lawful. The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border. Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border.

*Id.* at *7. This statutory interpretation is binding on this Court and applicable to Petitioner's factual circumstances, as Respondent concedes. *See* ECF No. 7:1 ("Respondents . . . respectfully submit that this matter is controlled by the Tenth Circuit's opinion in *Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026). Petitioner seeks a bond hearing pursuant to 8 U.S.C. § 1226.").

---

[3] The regulations accompanying the statute explain the various levels of review for a bond determination. An ICE officer makes the initial detention or release determination, and the alien bears the burden of "demonstrat[ing] to the satisfaction of the officer that . . . release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(c)(8). If the officer determines the alien should be detained, the alien can seek review of that decision at a bond hearing before an immigration judge. Id. § 236.1(d)(1). An immigration judge's decision to detain may be further appealed to the Board of Immigration Appeals (BIA). Id. § 236.1(d)(3). *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Based on the Tenth Circuit's decision in *Santillan Quiroz*, and Respondents' concession as to the same controlling the outcome of this case, the undersigned concludes that Petitioner, who was detained in the interior of the United States years after being released into the interior of the country, is subject to detention under § 1226(a). However, he has not been granted the bond hearing provided in that statute. Thus, Petitioner has shown that he is in custody in violation of the laws of the United States, and he is entitled to habeas relief. 28 U.S.C. § 2241(c)(3). A bond hearing is the appropriate remedy. *Santillan Quiroz*, 2026 WL 1876709 at *17 n.13.[4] *See Singh v. Cerna*, No. CIV-26-757-R, 2026 WL 1973892, at *1 (W.D. Okla. July 8, 2026).

## V. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **GRANT, IN PART,** the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven business days or otherwise release Petitioner if he has not received a lawful bond hearing within that period. It is further recommended that the Court order Respondents to certify compliance by filing a status report within seven business days of the Court's order.

The parties may object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any objection must be filed not later than **August 10, 2026**. The parties are further advised that failure to make timely objection to this

---

[4] With this recommendation, the Court need not consider Petitioner's remaining grounds for relief.

Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VI. STATUS OF REFERRAL

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on August 4, 2026.

Shon T. Erwin

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE