**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **OTONIEL RATZON GREGORIO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1359-R** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

This matter is before the Court for review of the Report and Recommendation [Doc. No. 9] issued by United States Magistrate Judge Shon T. Erwin recommending this Court order Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a). Respondents filed an Objection [Doc. No. 10] and Petitioner filed a Response [Doc. No. 11] to that Objection. The Court will now conduct a de novo review of those portions of the Report to which a specific objection is made. 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

Judge Erwin concluded, Respondents concede, and this Court agrees that the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) dictates that Petitioner is detained pursuant to § 1226(a).[1] Judge Erwin found that the appropriate remedy is for this Court to order Respondents to provide Petitioner with a bond hearing

[1] Respondents state they do not waive their argument that Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A) and thus is not entitled to a bond hearing.

under § 1226(a). Respondents agree, stating that as in *Santillan*, the Court should decline to rule further with respect to Petitioner's constitutional claims. *See id.* at 1251 n.13.

In his Response to the Government's Objection, Petitioner asserts Respondents violated his Fifth Amendment Due Process rights by (1) arresting him without a warrant as required under § 1226(a) and (2) revoking his release without notice, justification, and/or an opportunity to be heard.

On this record, the Court agrees with Respondents. Given that Petitioner is detained pursuant to § 1226(a), the process he is due under that statute is a prompt bond hearing. *See id.* ("Because Santillan Quiroz can properly be subject to detention under § 1226(a), though, the district court shall order the Government to, within seven days of such order, either provide him with a bond hearing or else release him."); *Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ."); *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *1-2 (W.D. Okla. June 29, 2026) ("The proper remedy is an individualized bond hearing before an Immigration Judge exercising jurisdiction under § 1226(a)."). And, "[b]ecause the Court grants habeas relief to Petitioner on the basis of his statutory claim and directs that Petitioner be provided a bond hearing in accordance with § 1226(a), the Court declines to address the due process claims." *Carranza-Mejia v. Noem*, No. CIV-26-076-SLP, 2026 WL 483650, at *2 (W.D. Okla. Feb. 20, 2026).

Accordingly, Judge Erwin's Report is ADOPTED in its entirety and Petitioner's Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ordered to provide

Petitioner with a bond hearing pursuant to § 1226(a) within seven days of the date of this order or to otherwise release Petitioner if he does not receive a bond hearing within that time. Respondents shall certify their compliance with this Order.

IT IS SO ORDERED this 2nd day of September, 2026.

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**